IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| RAYMOND H. MILEY, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 4:21-cv-00838-BCW |
| | ) | |
| AMERICAN SHAMAN FRANCHISE SYSTEMS | ) | |
| LLC, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT AMERICAN SHAMAN FRANCHISE SYSTEMS, LLC'S ANSWERS TO PLAINTIFF FIRST INTERROGATORIES

COMES NOW Defendant American Franchise Systems, LLC, (hereinafter "Defendant")

by and through its counsel of record, and for its Answer to Plaintiff's First Interrogatories, states

the following:

## Interrogatories

1.      Identify all individuals who provided information for Defendant's Answers to **each**

Interrogatory, Request for Production of Documents, and Request for Admission.  If more than

one individual supplied information, identify each individual and state the precise discovery

requests for which each individual provided information.

ANSWER:    **Stephen Vincent Sanders, II, Leigh Geither, Marc Sayler, Ellen Landry, Jim McNair, and Adrian Frost provided information regarding answers to these interrogatories, requests for production of documents and requests for admission, requests answered with the assistance of counsel.**

2.      Identify all individuals known to Defendant, its agents, independent contractors,

employees, and/or attorneys who has knowledge or information pertaining to the facts and/or

allegations set forth in the Complaint and/or Answer filed in this case, and for each individual,

describe his/her knowledge, and state whether it is personal knowledge.

1

**ANSWER:** **At this time, in addition to Plaintiff, Defendant identifies the individuals identified in the aforementioned Paragraph No. 1. Defendant reserves the right supplement this Interrogatory as further information becomes available.**

3.      Identify all individuals Defendant has contacted, and/or who has contacted Defendant, pertaining to the allegations in the Complaint and/or Answer filed in this case, and for each, state the date and substance of each communication, identify the individual(s) who made each contact, and state whether the communications were oral, written, or both.

**ANSWER:** **Defendant objects to this Interrogatory to the extent it seeks information protected by the attorney client and work product privileges. Subject to and without waiving these objections, Defendant refers to its Answer to Interrogatory No. 2 above.**

4.      Identify, and provide a specific description of, all electronic databases and/or information-management systems Defendant maintained at any and all times between January 1, 2018 and January 31, 2020, that hold, maintain, and/or store employee and/or independent contractor discipline-related documents, performance reviews, emails, and/or communications by and/or between supervisors, managers, H.R. Department employees, and/or internal investigators who investigate employees and/or independent contractors for allegations of wrongdoing, including but not limited to electronic databases for Human Resources, hiring, timekeeping, payroll, and salesforce.

**ANSWER:** **Defendant maintained personnel related records in hard copy and did not have any electronic databases or information-management systems for this information from January 1, 2018 to January 31, 2020. Defendant's email system from this time period was maintained by an external vendor named Best PC Repair, who no longer has a business relationship with this Defendant.**

5.      Identify the individual(s) most knowledgeable about the databases and/or information management systems identified in Defendant's Answer to the preceding Interrogatory.

**ANSWER:** **Leigh Geither.**

6.      Describe by title and location the parameters Defendant set or used, or caused to be set or used, and the books, records, physical files, electronic files, and/or databases Defendant searched, or caused to be searched, in order to respond to these discovery requests.  If Defendant did not conduct, or cause to be conducted, a thorough review of its books, records, and electronic databases, and/or did not seek information from any individuals, in order to respond to these discovery requests, state why not.

**ANSWER:      Defendant refers to Answer to Interrogatory No. 4 above.  Further, Defendant states it reviewed its physical files and will produce the same as requested herein.  Defendant also reviewed certain employee's emails as requested.**

7.      If Defendant does not admit that all documents and tangible items it is producing in response to Plaintiff's discovery requests are true and authentic copies kept in the ordinary, regular, and usual course of Defendant's business, identify the specific documents Defendant contends are not true and authentic copies of its business records, and state the reason(s) for Defendant's contention that each such document is not a true and authentic copy of a business record of Defendant.

**ANSWER:      Defendant is not aware of any documents that are not true and authentic copies kept in the regular course of business.**

8.      For all Requests for Admission to which Defendant responds/responded with anything other than an unqualified admission, state the basis for each denial or qualification, the facts supporting it, and identify each person with knowledge of the reasons(s) for each denial or qualification.

**ANSWER:      Defendant refers to the response to each Request for Admission.**

9.      State the facts supporting each affirmative defense Defendant asserted in its Answer to Plaintiff's Complaint.

**ANSWER:   Defendant objects to this Interrogatory to the extent it calls for legal conclusions, is overly broad to the extent that it requests each fact supporting the defenses, and lastly calls for information protected by the attorney client and work product privileges. This is a premature contention interrogatory and Defendant will supplement its Answer if appropriate as discovery continues.**

10.      Identify all individuals who filed a complaint (see definition of "complaint" in the Definitions section, *supra*) or commenced administrative or court action against Defendant alleging breach of contract, defamation, and/or unjust enrichment between January 1, 2018 and January 31, 2020, and state the administrative agency or court in which each matter was filed; the identifying charge or case number; and a brief description of the nature of the action and its outcome.

**ANSWER:   Defendant is not aware of any individuals who filed Complaints as defined herein against Defendant alleging breach of contract, defamation, and/or unjust enrichment between January 1, 2018 and January 31, 2020.**

11.      Identify each directive, policy, or procedure Defendant contends Plaintiff violated during or after his employment with Defendant, and state whether each alleged violation resulted in disciplinary action against Plaintiff; the date of each alleged violation; the date and type of discipline imposed.

**ANSWER:   Plaintiff was terminated for improperly charging personal expenses to his company issued debit card as detailed in the concurrently produced documents and for excessive absenteeism in which Plaintiff failed to report to work for weeks and months at a time.**

4

Case 4:21-cv-00838-BCW   Document 29-5   Filed 08/16/22   Page 4 of 16

12.     Describe the events leading up to Plaintiff's termination from American Shaman, including in your Answer the reason for the termination, the identity of all individuals involved in the termination decision, the identity of the ultimate decision maker, and identify the documents upon which Defendant relied when terminating Plaintiff's employment contract.

**ANSWER:     Defendant refers to its Answers to Interrogatory Nos. 1 and 11 above.  Stephen Vincent Sanders, II was the ultimate decision maker.  Defendant refers to the documents concurrently produced herein.**

13.     If, in response to any of Plaintiff's discovery requests, Defendant produces, in whole or in part, a "hard" copy of a document rather than ESI, state why ESI is not being produced, and if American Shaman contends ESI is no longer accessible or available, describe the reason for its inaccessibility/unavailability.

**ANSWER:     Defendant refers to its Answer to Interrogatory No. 4 above.  Defendant currently possesses no ESI responsive to Plaintiff's discovery.  If ESI becomes available, Defendant will supplement this Answer.**

14.     For each person listed in Plaintiff's and/or Defendants' Initial Disclosures, or identified in Defendant's Answers to these Interrogatories, state each individual Defendant contends counsel for Plaintiff cannot interview due to a legal or ethical doctrine, and state the privilege, Rule of Professional Conduct, or other legal or ethical doctrine supporting that contention, as well as the material facts concerning such contention.

**ANSWER:     The individuals identified in the foregoing Answer to Interrogatory No. 1 are all current employees of Defendant who may be contacted through counsel.  Additionally, Vince Sanders and Leigh Geither are parties to this lawsuit.  Therefore, Defendant submits the applicable ethical rules prohibit Plaintiff from contacting them.**

15.     State whether Defendant maintains a system or procedure for employee performance evaluations, and, if so, provide: (a) a brief description of the system or procedure; (b) the location and name of the files or documents containing a description of the system or procedure; (c) the name, office address, and title of the custodian of the files or documents set forth in your Answer to 15(b); (d) a list of the forms by name and number currently in use in connection with performance evaluations, and whether copies of the forms are placed in the employee's individual personnel file; (e) the date when the performance evaluation system or procedure described in this interrogatory went into effect; and (f) the date of each of Plaintiff's performance evaluations.

**ANSWER:     At the time of Plaintiff's termination, Defendant did not have an established system for employee performance evaluations.**

16.     State whether Plaintiff had a written job description when employed by Defendants, and, if so, set forth the job description, and if not, describe Plaintiff's job duties.

**ANSWER:     Defendant states that Plaintiff had a written job description, as noted in the Employment Agreement attached to Plaintiff's Amended Complaint as Exhibit 1.**

17.     Describe the specific steps Defendant took to obtain/locate information and documents responsive to these discovery requests, including the identity of each individual Defendant contacted for information and/or documents; the documents and information provided by each such individual; the date on which each such individual was contacted, by whom, and how the communication was made; and the specific files (electronic and otherwise) Defendant accessed to obtain/locate information and documents responsive to these discovery requests.

6

**ANSWER:** **Defendant objects to this Interrogatory to the extent it calls for information protected by the attorney-client and work product privileges. Subject to and without waiving these objections, Defendant states Defendant, with assistance of counsel, spoke to the individuals identified in Interrogatory No. 1 and located responsive documents as requested as indicated in Defendant's Answer to Interrogatory No. 4 above.**

18.     State the correct name of each corporate Defendant; the state of incorporation of each corporate Defendant; the date on which each corporate Defendant incorporated; the original type of corporate entity incorporated; the date of any change in status of the corporate Defendants from one form of business entity to another, and the reason(s) therefor; and the location of all places of business of each corporate Defendant.

**ANSWER:** **These interrogatories are directed to defendant American Shaman Franchise System, LLC, which is a Nevada limited liability company. American Shaman Franchise System, LLC was formerly American Shaman Franchise System, Inc. and was converted to a limited liability company on January 6, 2020.**

19.     State the dollar volume received in each year from 2019 through 2021, directly and/or indirectly, by each corporate Defendant for: (a) sales of products sold within each state in the U.S.; and (b) franchises purchased by franchisees.

**ANSWER:** **Defendant objects that this Interrogatory because it exceeds the bounds of permissible discovery) because it is not relevant to any claims or defenses in the case. To the extent Plaintiff seeks this information for purposes of arguing punitive damages, the discovery is premature and improper. See Brown v. Therapy Mgmt. Corp., No. 4:17-cv-01247-JAR, 2018 WL 4386094, at \*4 (E.D. Mo. Sept. 14, 2018).**

20.     If you claim that, during Plaintiff's employment with Defendant, Plaintiff failed to do full work, did not comply with company policy, did not comply with company practices, or in any way engaged in conduct Defendant considers or considered to be not in the best interest of defendant, state:

        (a) the specific facts/incidents upon which Defendant bases its claim;

        (b) the dates on which each such incident occurred;

        (c) the precise date on which any person employed by Defendant learned of each such incident;

        (d)  the identity of each person employed by Defendant employer who learned of each incident; and

        (e)  identify all documentation supporting Defendant's claim of unsatisfactory performance.

**ANSWER:     Defendant refers to its Answer to Interrogatory No. 11 above.**

21.     If Defendant failed to comply with any part of its employment contract with Plaintiff, state the provisions with which it failed to comply with and the reasons therefor.

**ANSWER:     Defendant complied with the purported Employment Agreement with Plaintiff.  Plaintiff, however, breached said Agreement by improperly using his company issued debit card for personal expenses and excessive absenteeism.**

22.     State whether any complaints were submitted to, and/or prepared by Defendant, concerning any alleged unsatisfactory performance by Plaintiff identified in Defendant's answer to Interrogatory no. 20 above, above, and, if so, for each complaint state:  (a) the date and time of the complaint; and (b) the identity of each person who made such a complaint.

**ANSWER: In 2019, Defendant was performing a reconciliation of its financial transactions. During this time, Adrian Frost, a current employee of defendant Shaman Botanicals, LLC who may be contacted through counsel, noticed several transactions on Plaintiff's company issued debit card which appeared to be of a personal nature. Mr. Frost discussed these findings with his supervisor, Jim McNair. Mr. McNair discussed these findings with his supervisor, Leigh Geither, who discussed them with Mr. Sanders. Mr. McNair and Mr. Frost attempted to discuss these transactions with Plaintiff but during this same time communication with Plaintiff was difficult because Plaintiff rarely, if ever, showed up for work. Mr. Frost and Mr. McNair prepared spreadsheets detailing these transactions, which are concurrently produced herein.**

23.     State whether Defendant ever warned or counseled Plaintiff concerning any alleged unsatisfactory performance, and, if so, for each such warning or counseling, state:

      (a) the date and time of the warning or counseling;

      (b) the identity of each person who participated in the warning or counseling;

and

      (c) the form (i.e., verbal or written) of the warning or counseling.

**ANSWER:     Defendant refers to its Answer to Interrogatory No. 22 above.**

24.     State whether Defendant performed, or caused to be performed, any investigation(s) concerning the subject matter of the Amended Complaint filed in this case, and, if so, for each investigation or report, state:

      (a) the date of each investigation, or receipt of each report;

      (b) the nature and scope of the investigation or report, including protocol

followed and witnesses interviewed; and

      (c) the identity of any and all letters, memoranda, reports, conclusions, and

      other documents regarding the performance of any investigation conducted by

      or on behalf of Defendant concerning the subject matter of the Complaint in this

      case, and attach a copy of each to Defendant's Answers to these

      Interrogatories.

9

**ANSWER:** **Defendant refers to its Answer to Interrogatory No. 22 above.**

25.     If the Answer to the preceding Interrogatory is in the negative, explain in detail why no investigation was conducted.

**ANSWER:** **N/A.**

26.     State whether any party to this action made a written statement or written admission concerning the occurrences that form the basis of this litigation, and, if so, state the following for each written statement or admission:

(a)  the date on which, and the location where, the written statement or admission was made;

(b)  the identity of the of the individual(s) who took the written statement or admission;

(c)  the identity of each individual who was present when the statement or admission was made; and

(d)  the present location of the written statement or admission, and attach a copy of the written statement or admission to the Answers to these Interrogatories.

**ANSWER:** **Defendant is not aware of any written admission or statement by any party.**

27.     Specify the gross income and net worth of Defendant for each year from 2018 through 2021.

**ANSWER:** **Defendant objects that this Interrogatory because it exceeds the bounds of permissible discovery) because it is not relevant to any claims or defenses in the case. To the extent Plaintiff seeks this information for purposes of arguing punitive damages, the discovery is premature and improper. See Brown v. Therapy Mgmt. Corp., No. 4:17-cv-01247-JAR, 2018 WL 4386094, at \*4 (E.D. Mo. Sept. 14, 2018).**

28.     State whether Defendant employer has prepared balance sheets, profit and Joss

statements, and/or other types of financial statements for itself at any time during the last four (4)

calendar years, and, if so:  state the date of each financial statement; describe (name, type, and

number of pages) of each financial statement; identify the present location of each financial

statement; and the identity of each person who has present custody of the statement, or **attach a**

**copy of the statement to the Answers to these Interrogatories.**

ANSWER:     **Defendant objects that this Interrogatory because it exceeds the bounds of permissible discovery) because it is not relevant to any claims or defenses in the case. To the extent Plaintiff seeks this information for purposes of arguing punitive damages, the discovery is premature and improper. See Brown v. Therapy Mgmt. Corp., No. 4:17-cv-01247-JAR, 2018 WL 4386094, at \*4 (E.D. Mo. Sept. 14, 2018).**

29.     If Defendant contends, or will contend, that it is not liable in the capacity in which

it has been sued in this case, or that there is a defect of parties or names of parties to this suit,

state in full your contentions and identify all correct parties by stating their full, correct name,

and by stating all facts that support your contentions.

**ANSWER:     Defendant objects to this Interrogatory to the extent it calls for legal conclusions, is overly broad to the extent that it requests each fact supporting the defenses, and lastly calls for information protected by the attorney client and work product privileges. Subject to and without waiving these objections, this Defendant denies any liability in this matter but believes it has been correctly named in this suit.**

30.     Is Defendant indemnifying either of the individually named Defendants in this

case?  If so, state which individually named Defendants Defendant is indemnifying and produce a

copy of the indemnification agreement.

**ANSWER:     Defendant does not have any indemnification agreements with any individually named defendant.**

31.     Identify all parents, subsidiaries, general partners, and shareholders of Defendant.

**ANSWER:     The sole member of Defendant and defendant Shaman Botanicals, LLC is SVS Enterprises, LLC, which is owned by Defendant Sanders.**

| | | |
|---|---|---|
| **RAYMOND H. MILEY, JR.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | CASE NO. 4:21-cv-00838-BCW |
| | ) | |
| **AMERICAN SHAMAN FRANCHISE** | ) | |
| **SYSTEMS, LLC, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT AMERICAN SHAMAN FRANCHISE SYSTEMS, LLC'S**
**RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS**

COMES NOW Defendant American Franchise Systems, LLC, (hereinafter "Defendant")

by and through its counsel of record, and for its Responses to Plaintiff's Requests for Production

of Documents, states the following:

**Requests for Production**

1.      All of Defendant's handbooks, personnel manuals, policies, procedures, rules, guidelines, requirements, and protocols that were in effect at any and all times between January 1, 2018 and January 31, 2021, including but not limited to those describing work rules or guidelines, performance criteria, performance evaluations, professional behavior, communication protocol, paid time off, discipline, hiring, termination, payroll practices, benefits, bonus policy, commission policy, discrimination, retaliation, and/or chain of command, **including all drafts, updates, amendments and revisions.**

**RESPONSE: Defendant objects to this Request that it is overly broad and is not likely to lead to the discovery of admissible evidence. Subject to and without waiving these objections, see attached.**

2.      All W-2s, 1099s, performance reviews, discipline-related documents, promotion-related documents, transfer-related documents, training-related documents, job descriptions, job applications, resumes, offer letters, interview notes, contracts, stock grants and awards, calendars, and all documents pertaining to demotions, promotions,  severance agreements, termination, and unemployment compensation, for Plaintiff, Stephen Sanders, Sean Pickett, and all individuals involved in the decision to terminate Plaintiff's employment.

**RESPONSE: Defendant objects to this Request that it is overly broad and is not likely to lead to the discovery of admissible evidence. Subject to and without waiving these objections, see attached.**

3.        All electronically stored information and data sent to, received by, and/or created by Plaintiff, Stephen Sanders, Sean Pickett, Leigh Geither and all individuals involved in the decision to terminate Plaintiff's employment, that contain "president", "Bud", "Raymond", "Miley", "BM", "RM", and any of the following ASCII strings:

agree!
contract!
perf!
term!
problem!
replac!
hir!
salary
earn!

**RESPONSE: Defendant objects to this Requests to the extent it seeks information protected by the attorney client and work product privileges. Defendant refers to its Answer to Interrogatory No. 4 above. Defendant's search of the personal computers of relevant individuals has revealed no responsive documents. However, Defendant's efforts to locate documents is ongoing.**

4.        All documents on which Defendant relied when evaluating Plaintiff's performance during his employment.

**RESPONSE: Defendant objects to this Request that it is overly broad and is not likely to lead to the discovery of admissible evidence. Subject to and without waiving these objections, see attached.**

5.        All documents upon which Defendant relied when deciding to terminate Plaintiff's employment/contract.

**RESPONSE: Defendant objects to this Request that it is overly broad and is not likely to lead to the discovery of admissible evidence. Subject to and without waiving these objections, see attached.**

6.        All complaints, charges, allegations, and/or reports to and/or about American Shaman claiming a breach of contract, unjust enrichment, and/or wrongful termination, that were filed, brought, and/or asserted at any and all times between January 1, 2018 and January 31, 2021.

**RESPONSE: Defendant objects to this Request to the extent that it is overly broad and is not likely to lead to the discovery of admissible evidence in that Plaintiff has not made any claim for "wrongful termination." Subject to and without waiving these objections, Defendant has no documents responsive to this Request.**

13

7.     All of your document retention policies, **including all drafts, revisions, amendments, supplements, and updates**, that exist and/or existed at any and all times between January 1, 2018 and January 31, 2021.

RESPONSE:   Defendant objects to this Request to the extent that it is overly broad in that Plaintiff was not employed after 2019.  Subject to and without waiving these objections, Defendant has no documents responsive to this Request.

8.     All audited and unaudited financial statements and income tax returns of Defendant for 2018, 2019, and 2020.

**RESPONSE:  Defendant objects to this Request because it exceeds the bounds of permissible discovery because it seeks information not relevant to any claims or defenses in the case. To the extent Plaintiff seeks this information for purposes of arguing punitive damages, the discovery is premature and improper. See Brown v. Therapy Mgmt. Corp., No. 4:17-cv-01247-JAR, 2018 WL 4386094, at \*4 (E.D. Mo. Sept. 14, 2018).**

9.     All Articles of Incorporation and Bylaws for both corporate Defendants.

**RESPONSE:  See attached.**

10.     All documents Defendant identified, referenced, reviewed and/or relied upon in responding to these Interrogatories and Requests for Admission, and any of them.

**RESPONSE:  See attached.**

11.     All documents identified in your Initial Disclosures, and any documents Defendant intends to, or believes, it may introduce or use as an exhibit during depositions or trial proceedings.

**RESPONSE:  See attached.  However, Defendant has not determined which documents it may introduce as exhibits during depositions or trial proceedings.**

12.     All emails, agreements, documents, memos, contracts, and understandings relating to Defendant indemnifying either or both individual Defendants.

**RESPONSE:  Defendant has no documents responsive to this Request.**

13.     All written and electronic communications between Defendant and Defendant Sanders that relate to the allegations in the Amended Complaint filed in this case.

**RESPONSE:  Defendant objects to this Requests to the extent it seeks information protected by the attorney client and work product privileges.  Defendant refers to its Answer to Interrogatory No. 4 above.  Defendant's search of the personal computers of relevant individuals has revealed no responsive documents. However, Defendant's efforts to locate documents is ongoing.**

14.     All internal communication between any of the following parties:  Defendant American Shaman Franchise Systems, LLC (formerly "Inc."), Defendant Shaman Botanicals, LLC (formerly "Inc"), Defendant Sanders, and/or Defendant Geithers relating to the facts asserted in Plaintiff's Amended Complaint in this case, and/or the denials and/or affirmative defenses stated in Defendants' Answer to the Amended Complaint in this case.

**RESPONSE:  Defendant objects to this Requests to the extent it seeks information protected by the attorney client and work product privileges.  Defendant refers to its Answer to Interrogatory No. 4 above.  Defendant's search of the personal computers of relevant individuals has revealed no responsive documents. However, Defendant's efforts to locate documents is ongoing.**

15.     Any and all bills of lading, shipping receipts, inventory lists, and documentation reflecting the confirmation of all accounts, franchisees, and potential franchisees Plaintiff procured during his employment with Defendant.
**RESPONSE:  Defendant objects to this Request because it exceeds the bounds of permissible discovery because it seeks information not relevant to any claims or defenses in the case. To the extent Plaintiff seeks this information for purposes of arguing punitive damages, the discovery is premature and improper. See Brown v. Therapy Mgmt. Corp., No. 4:17-cv-01247-JAR, 2018 WL 4386094, at \*4 (E.D. Mo. Sept. 14, 2018).**

16.     All documents showing/reflecting Plaintiff's increase in product sales and/or franchise sales from the date he began his employment with Defendant through the present.

**RESPONSE:  Defendant objects to this Request because it exceeds the bounds of permissible discovery because it seeks information not relevant to any claims or defenses in the case. To the extent Plaintiff seeks this information for purposes of arguing punitive damages, the discovery is premature and improper. See Brown v. Therapy Mgmt. Corp., No. 4:17-cv-01247-JAR, 2018 WL 4386094, at \*4 (E.D. Mo. Sept. 14, 2018).**

### PROCEED TO THE NEXT PAGE FOR REQUESTS FOR ADMISSION

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| **RAYMOND H. MILEY, JR.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 4:21-cv-00838-BCW** |
| | ) | |
| **AMERICAN SHAMAN FRANCHISE** | ) | |
| **SYSTEMS, LLC, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT AMERICAN SHAMAN FRANCHISE SYSTEMS, LLC'S CERTIFICATE OF SERVICE OF DISCOVERY RESPOSNES

COMES NOW Defendant American Franchise Systems, LLC, (hereinafter "Defendant") by and through its counsel of record, and certifies that it served its Answers to Plaintiff's First Interrogatories, Requests for Admission, and Requests for Production of Documents on April 25, 2022.

Respectfully submitted,

**THE PORTO LAW FIRM**

By: */s/ Nicholas J. Porto*
Nicholas J. Porto        MO #56938
THE PORTO LAW FIRM
1616 West 45th Street
Kansas City, Missouri 64111
Telephone:        816.463.2311
Facsimile:        816.463.9567
nporto@portolaw.com

**KRIGEL & KRIGEL, P.C.**

By: */s/ Stephen J. Moore*
Stephen J. Moore        MO #59080
4520 Main Street, Suite 700
Kansas City, Missouri 64111
Telephone:        816-756-5800
Facsimile:        816-756-1999
sjmoore@krigelandkrigel.com
Attorneys for the Shaman Defendants

16